## HASS *v.* STATE.

[65 South. 502.]

LICENSES. *Occupations. Advertising patent medicines. Laws 1912,. chapter 99, section 2.*

Under laws 1912, chapter 99, section 2, imposing a privilege tax upon "each person, firm or corporation selling ·or advertising by harangue, in any town or city patent medicines, except a licensed merchant or druggist selling from his place of business," where a party sold a patent medicine to a drug company who had a regular place of business, and agreed as a part of the considera- tion of the purchase, to assist in advertising it, and accordingly addressed from a platform in front of the company's store, crowds which were attracted by a negro playing and singing, advertising the merits of the medicines, and inviting the crowds, to go into the store, where sales were made by employees of the store, such acts did not violate the statute.

APPEAL from the circuit court of Quitman county.

HON. W. D. CUTRER, Special Judge.

F. D. Hass was convicted of advertising patent medi- cines without the payment of a privilege tax, and ap- peals.

The facts are fully stated in the opinion of the court.

*W. F. Gee,* for appellant.

Outside of all other contentions, appellant here con- tends that the records show that while he was advertis- ing medicine as charged in the affidavit, he was doing so for the Marks Drug Company, and that the said Marks Drug Company had the necessary license to do business; that first he made a trip to Marks, from Memphis, Tenn- essee, and sold to the proprietor of the Marks Drug Com- pany the goods he was advertising. It is true that the Drug Company paid the appellant more for the first shipment than it would have had to pay for later ship-

ments, but this was in consideration of the advertising to be done by appellant, and we see no material difference between being paid in that way, for work done, and being paid a salary, and it cannot be successfully contended that an employee of a store must have a privilege license to work for a store that has one. It may be contended, by the state, that in this case the appellant was being paid only a commission, if so, we would reply that it is a custom of merchants to gauge their clerks' salary by the amount they sell. The man that controls much trade of course receiving more than the one who controls a small trade, and there cannot be a wide difference between the salary and a commission in this case, and if the record shows that he was working for the Marks Drug Company then he cannot be taxed. See: *Hendon* v. *The State,* 61 Miss. 146.

Laws of the kind under consideration must be strictly construed in favor of the defendant. See: *Bell* v. *Kerr,* 31 So. 708; *Wilby* v. *State,* 47 So. 465; also, see this case in reference to other contentions of appellants; *Bluff City R. R. Co.* v. *Clarke, Sheriff,* 49 So. 177; *City of Newport* v. *Fitzer,* 21 L. R. A. (N. S.) 279; *Ex parte Taylor,* 58 Miss. 478, see, also, in reference to interstate commerce, contention of appellant.

Appellant further contends that the instruction for the state does not fully state the law in this, as the question of whether or not he was working for the Marks Drug Company had been raised, there should have been added, and if you believe further, beyond a reasonable doubt that he was not working for the Marks Drug Company, as the instruction is drawn, it was a peremptory instruction to find him guilty whether he was in the employment of the Marks Drug Company or not.

Appellant respectfully submits that the demurrer to the affidavit should have been sustained, also that the peremptory instruction asked by the defendant should have been granted. He therefore asks that the case be reversed and that he be discharged.

*Frank Johnston,* for the appellee.

The last objection of the learned counsel for the appellant that the appellant was engaged in interstate commerce in selling to the Marks Drug Store and that he was working for Marks Drug Store in advertising these remedies, after which they would sell to the crowd, has no force or merit whatever. The 'charge in the indictment is in the very language of the law which places a tax upon either selling or advertising, by harangue, in any town, patent medicines. If he was the advertising agent, and haranguing his wares in this kind of style, he was subject to this privilege tax. I do not think that the suggestion that this was interstate commerce has had any force whatever.

I respectfully submit that the judgment of the lower court should be affirmed.

Smith, J., delivered the opinion of the court.

Appellant was convicted for an alleged violation of section 2 of chapter 99 of the Laws of 1912, by which a tax of one hundred and fifty dollars is imposed on "each person, firm or corporation selling or advertising by harangue, in any town or city, patent medicines, except a licensed merchant or druggist selling from his place of business."

Appellant sold a lot of patent medicine to the Marks Drug Company, either a corporation or a partnership, engaged in the sale of drugs in the town of Marks, Mississippi, having a regular place of business, and agreed, as a part of the consideration for the purchase thereof, that he would assist the company in advertising and introducing it. This he did in the following manner: A platform was erected in front of the company's store on which appellant would stand, accompanied by a negro with a banjo. This negro would attract a crowd by playing his banjo, singing, and telling stories, and appellant would then make a speech telling the crowd of the great

benefits to be derived by them from the use of this medicine, which they could purchase from the Marks. Drug Company. He would then invite the crowd to follow him into the store. After the crowd would congregate in the store, sales of the medicine would be made to the members thereof by employees of the drug company. It will be observed from this statement that appellant, in advertising this medicine, was acting for the Marks Drug Company, which company had the right to have its medicine so advertised if it desired so to do.

No crime was committed, therefore, by appellant, and the instruction requested by him so charging the jury should have been granted.

The judgment of the court below is reversed, and appellant discharged.

*Reversed.*